BROCK *v.* GARSON.

1. FRAUDULENT PURCHASE OF GOODS — REPLEVIN FROM MORT-
   GAGEE—ADMISSIONS.

   Plaintiff sold a bill of goods upon credit, in reliance on the pur-
   chaser's representation that his total indebtedness did not
   exceed a stated amount, and that he was worth a given sum
   over and above all indebtedness. On the day the goods were
   delivered, the purchaser gave to defendant, as trustee for cred-
   itors, a chattel mortgage covering his stock, whereby defend-
   ant was authorized to take possession of and carry on the
   business. Before the trustee took possession under his mort-
   gage, the mortgagor admitted to plaintiff that his total in-
   debtedness prior to the sale in question was double the
   amount stated. Subsequently, in an action of replevin against
   the trustee, plaintiff was allowed to show this admission, sub-
   ject to the objection that it permitted the mortgagor to
   demean the title which he had conveyed by the mortgage.
   *Held,* that, in view of the giving of a specific instruction
   that the admissions were binding only so far as the mort-
   gagor's interest in the stock was concerned, and did not affect
   the mortgagee, there was no error.

2. SAME—FALSITY OF REPRESENTATIONS—INFERENCE FROM CIRCUM-
   STANCES.

   A finding of the falsity of a representation by a merchant to a
   person from whom he purchased goods, that he was worth
   $4,000 or $5,000 over and above his indebtedness, is sustained,
   where there is no direct evidence upon the subject, by proof
   that, on the day the goods were delivered, he gave a mortgage
   for a large amount on the stock, which constituted his only
   property, and at once surrendered possession to the mort-
   gagee.

3. SAME—CHATTEL MORTGAGE—EVIDENCE—INSTRUCTIONS.

   One in possession of a stock of goods under a chattel mortgage
   assigned to him by the mortgagee is not prejudiced, in an
   action of replevin by one claiming that a portion of the goods
   were purchased of him by the mortgagor under fraudulent
   representations as to the amount of his indebtedness, by a
   refusal of the court to instruct that the assignment must be
   presumed to have been for a valuable consideration, where

the mortgage and assignment were introduced by the plaintiff solely because of their bearing on the financial condition of the mortgagor, and were used for no other purpose.

Error to Bay; Maxwell, J. Submitted June 10, 1898. Decided July 12, 1898.

Replevin by Henry J. Brock and Mortimer Wiener against Isaac H. Garson, trustee for David Altman. From a judgment for plaintiffs, defendant brings error. Affirmed.

Plaintiffs sold to one Altman, December 23, 1896, goods which were delivered March 19, 1897. On the same day that the goods were delivered, Altman gave a mortgage to several of his creditors to secure $1,495. This mortgage was on the same day assigned to defendant as trustee. On the same day, Altman gave another mortgage to defendant as trustee, to secure an indebtedness owed to Hershberg & Garson of $2,672, and an indebtedness due Black & Meyer of $1,139, and to secure a further credit of $2,000. Under this mortgage the defendant was authorized to take possession and carry on the business at Altman's two stores, in Bay City and Saginaw. Upon discovering the situation, plaintiffs replevied their goods, on the ground that Altman fraudulently purchased them, and that, therefore, no title had passed. The representations relied upon to avoid the sale, and to show that Altman never intended to pay for them, were that Altman was owing no borrowed money or any indebtedness then due; that he was worth from $4,000 to $5,000 above everything that he owed; and that his total indebtedness did not exceed $2,500. The defendant introduced no testimony. The case was submitted to the jury upon the basis of fraudulent representations, and plaintiffs recovered verdict and judgment.

*T. A. E. & J. C. Weadock*, for appellant.

*Van Kleeck & Anneke*, for appellees.

GRANT, C. J. ( *after stating the facts* ).   1.  Brock, a witness in behalf of plaintiffs, testified to the representations made at the time of the contract of sale, and was permitted, under objection and exception, to testify to a conversation with Altman after the execution of the mortgages, in which Altman told him that his indebtedness had increased to $5,000, and that these debts were incurred prior to the sale in question.   The objection made to this testimony is that it permitted Altman to demean the title which he had conveyed by the mortgages.   At this time Altman was in possession.   The court instructed the jury that these admissions and statements made after the giving of the mortgages were binding only upon Altman so far as his interest in the stock was concerned, and did not affect the mortgagee.   Under this instruction, we think, no error was committed.

2.  Error is assigned upon the refusal of the court to instruct the jury that there was no evidence in the case "as to what Altman was worth."   The record contains all the testimony, and, while we find no positive evidence to show that Altman was not worth from $4,000 to $5,000 over and above his indebtedness at the time the representations were made, we are not prepared to say that such an inference is not legitimate.   There was evidence that his property consisted of the mortgaged stock. It is not usual for merchants to mortgage their stocks of goods when they are solvent, and at once surrender possession to the mortgagee.

3.  After the jury had been instructed, counsel for the defendant requested the court to instruct them that the assignment from Snyder & McCabe and others must be presumed to have been for a valuable consideration.   The court stated that there was no proof upon the subject, and no evidence of any consideration, and declined the request.   The mortgage and assignment were introduced by the plaintiffs, and it does not appear that their validity was questioned.   They were introduced to show the financial condition of Altman, and were competent, and, so far

as the record shows, were only used, for that purpose. No such instruction was therefore necessary for the guidance of the jury.

Judgment affirmed.

The other Justices concurred.